UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KODY DEAN BUTTERFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN DARREN YOUNG, IN HIS OFFICIAL CAPACITY; ASSOCIATE WARDEN TROY PONTO, IN HIS OFFICIAL CAPACITY; AND SERGEANT PERRETT, CORRECTIONAL OFFICER, IN HIS INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:18-CV-04142-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE |

Plaintiff, Kody Dean Butterfield, is an inmate at the South Dakota State Penitentiary in Sioux Falls. On October 30, 2018, Butterfield filed a pro se civil rights lawsuit under to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 1; Doc. 4. The court granted Butterfield's motion to proceed in forma pauperis and Butterfield paid an initial partial filing fee. Doc. 6. Butterfield then moved to amend the complaint to dismiss Ashley Markham. Doc. 3. This Court has screened Butterfield's amended complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court dismisses Butterfield's complaint.

I.     FACTS ALLEGED IN THE COMPLAINT[1]

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Butterfield's Complaint, which this Court must take as true on initial screening. *Beck v. LaFleur*, 257 F.3d 764, 765 (8th Cir. 2001) (citation omitted).

According to the complaint, Butterfield was diagnosed with gender dysphoria and receives psychotherapy. Doc. 1 at 5. Butterfield claims the prison "refused to treat me other than psychotherapy." *Id.* Butterfield states, "I can't remember but ever since I came out as transgender I have been harassed by the officers for looking like a female." *Id.*

## II. LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[ ] to state a claim on which relief may be granted; or (2) seek[ ] monetary relief from a defendant who is immune from such relief." *See also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

## III. DISCUSSION

### A. Count I – Medical Care

Butterfield alleges that Defendants violated the Eighth Amendment by denying hormone-replacement therapy. "A prima facie case alleging . . . deliberate indifference requires the inmate-plaintiff to demonstrate that [he] suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (citation omitted).

Reid, the prisoner plaintiff, sought hormone-replacement therapy and raised claims similar to Butterfield's. *Id.* The Eighth Circuit Court of Appeals upheld the district court's grant of summary judgment because Reid did not establish that the defendants' conduct constituted deliberate indifference. *Id.* Although *Reid* was decided under the summary judgment standard not applicable here, the court found that because Reid was evaluated by mental health professionals and not diagnosed with gender identity disorder nor denied treatment completely, her allegations amounted to a mere disagreement over diagnoses and treatment decisions and were therefore not actionable under § 1983. *Id.* The court stated that Reid was not entitled to hormone-replacement therapy under the law. *Id.* at 1193.

The crux of *Reid* was whether the plaintiff alleged denial of treatment or mere disagreement with a medical professional's diagnosis or treatment decision. Other district courts in the Eighth Circuit have decided claims based on this determination. *Compare Derx v. Kelley*, No. 5:17CV00040-JM-JJV, 2017 WL 2874627, at *4 (E.D. Ark. June 19, 2017), *report and recommendation adopted*, No. 5:17CV00040-JM, 2017 WL 2874314 (E.D. Ark. July 5, 2017) (dismissing claims when prisoner was treated but disagreed with the doctors' decision to deny hormone therapy specifically), *with Brown v. Dep't of Health & Human Servs.*, No. 8:16CV569,

2017 WL 944191, at *4 (D. Neb. Mar. 9, 2017) (finding that plaintiff may state a claim by "generally allege[ing] that she suffer[ed] from an objectively serious medical need" because defendants "refused evaluation and treatment for [her] condition").

Here, Butterfield fails to state a claim. Butterfield merely alleges that defendants denied hormone treatment. Butterfield does not allege that defendants denied all treatment or that defendants denied hormone-replacement therapy without evaluation as in *Brown*. In fact, Butterfield participates in psychotherapy. *See* Doc. 1 at 5. Thus, Butterfield's first count is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### B. Count II – Harassment

Butterfield also alleges that Defendants harassed Butterfield for looking like a female. Doc. 1 at 5. Verbal threats and harassment are normally insufficient to violate the Constitution. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). The Eighth Circuit Court of Appeals has "made an exception, however, when the state official engaged in a 'brutal' and 'wanton act of cruelty' even though no physical harm was suffered." *Id.* (citing *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)).

*Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986) is the first of a line of Eighth Circuit cases determining the constitutionality of threats. Prison guards transported Burton, a prisoner, from the federal court house where he had been for a hearing in a case against other guards. After the hearing the defendant prison guard pulled out his gun, cocked it, and said to Burton "nigger run so I can blow your Goddamn brains out, I want you to run so I'll be justified[.]" *Id.* at 99. Another guard stepped between the defendant and Burton, but the defendant repeated the threat a few moments later. *Id.*

4

The court determined that Burton stated a claim. *Id.* at 101. In making this determination, the court pointed out that the threat was racially motivated, made more than once, unprovoked, and serious enough for another guard to attempt to physically diffuse the situation. *Id.* at 100. The court also noted that the defendants' actions were not "motivated by the necessity of correcting a rebellious inmate or by legitimate concerns for institutional security." *Id.* The court held that prisoners retain "at least the right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Id.*

In *Hopson v. Fredericksen*, 961 F.2d 1374 (8th Cir. 1992), Hopson alleged that he was placed in the back seat of a police car, and when he refused to answer the defendant officer's questions, the officer used a racial slur "and threatened to 'knock [Hopson's] remaining teeth out of his mouth' if he remained silent." *Id.* at 1378. The court noted that Burton constituted an exception to the general rule that threats do not amount to a constitutional violation. *Id.* But, the court found that the facts presented were distinguishable from those in Burton. *Id.* The officer did not threaten to kill Hopson, did not brandish a lethal weapon, and did not make a gesture towards Hopson. *Id.* at 1378-79. The court affirmed the directed verdict in favor of the defendant. *Id.* at 1379.

In *Irving*, the Eighth Circuit affirmed and reversed denials of qualified immunity of prison officials accused of threatening Irving, an inmate. 519 F.3d 441. The court found that certain threats formed the basis of an injury sufficiently serious to implicate the Eighth Amendment but others did not. *Id.* The defendant who was denied qualified immunity had threatened several times that he would kill Irving or have him killed, tried to pay other inmates to harm Irving, and even armed inmates to harm Irving. *Id.* at 449. The court found that the repetition, the retaliatory nature, and the credibility of these threats made them sufficiently serious to implicate the Eighth

5

Amendment, even though they were "less immediate than, and perhaps not as terror-inducing" as the threats in Burton. *Id.*

Butterfield's bare, conclusory allegations fall short of all these cases. Butterfield alleges that "officers" harassed Butterfield for looking like a female. Doc. 1 at 5. Butterfield provides no details that show Defendants threatened violence. *Id.* Butterfield does not allege that Defendants did anything to threaten Butterfield's safety or make credible threats. Butterfield does not allege that Defendants did anything to entice other inmates to harm Butterfield. Thus, Butterfield fails to state a claim upon which relief may be granted, and count II is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C. Strike Under § 1915(g)

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Butterfield fails to state a claim upon which relief may be granted, and his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Butterfield previously filed a case that constituted a strike against Butterfield for purposes of the three-strike rule under 28 U.S.C. § 1915(g). *See Butterfield v. Young*, 4:17-CV-4162-RAL, Doc. 10. Therefore, Butterfield is assessed a second strike under § 1915(g) for filing this complaint. Accordingly, it is

ORDERED that the Butterfield's motion to amend, Doc. 3, is granted. It is further

ORDERED complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that this action constitutes a second strike against Butterfield for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

DATED May 30th, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE