# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2371

_____

Kody Dean Butterfield

*Plaintiff - Appellant*

v.

Warden Darren Young, in his official capacity; Associate Warden Troy Ponto, in his official capacity; Sergeant Perrett, Correctional Officer, in his individual capacity; Ashley Markham, Correctional Officer, in her individual capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: September 23, 2020
Filed: January 8, 2021
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kody Dean Butterfield is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota who suffers from gender dysphoria.[1]  Butterfield filed a pro se 42 U.S.C. § 1983 lawsuit in the District of South Dakota.  The complaint alleges that the defendants denied Butterfield adequate treatment for gender dysphoria and engaged in gender-based harassment because Butterfield "look[ed] like a female," in violation of the Eighth and Fourteenth Amendments.  Butterfield named Warden Darren Young, Associate Warden Troy Ponto, and correctional officers Ashley Markham[2] and Sergeant Perrett[3] as defendants.[4]  In terms of relief, Butterfield requested hormone therapy and monetary damages.  The district court[5] screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it without prejudice.  This appeal follows.

We review de novo a district court's sua sponte dismissal of a prisoner's complaint under § 1915A.  Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam).  Section 1915A permits dismissal of a complaint if it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  We hold pro se plaintiffs "to a lesser pleading standard than other parties,"

---

[1]Gender dysphoria is "[a] marked incongruence between one's experienced/expressed gender and assigned gender, of at least 6 months' duration, as manifested by at least two of the [enumerated criteria]."  AM. PSYCH. ASS'N, Diagnostic and Statistical Manual of Mental Disorders 452 (5th ed. 2013).

[2]Butterfield voluntarily dismissed Markham from the suit.

[3]The complaint does not provide Sergeant Perrett's first name.

[4]Because Butterfield's complaint was dismissed before service, none of the defendants responded to Butterfield's claims in the district court, and they have not filed briefs before this court.

[5]The Honorable Roberto A. Lange, then United States District Judge for the District of South Dakota, now Chief Judge for the District of South Dakota.

-2-

Fed. Express. Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and "liberally construe[]" their complaints. Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014).  We address each of Butterfield's claims under this standard.

Butterfield sued Warden Young and Associate Warden Ponto only in their official capacities.  The barebones complaint does not allege any specific acts or omissions by these defendants, but we understand it to claim that Young and Ponto were deliberately indifferent to Butterfield's serious medical needs, in contravention of the Eighth Amendment, and also violated Butterfield's Fourteenth Amendment equal protection rights.  Official capacity liability, however, exists only where the constitutional injury alleged was caused, at least in part, by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Grayson v. Ross, 454 F.3d 802, 810–11 (8th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Even liberally construing Butterfield's complaint, we find nothing that can be read to allege that Young or Ponto was responsible for creating a policy or custom of denying hormone therapy to inmates with gender dysphoria.  Nor do Butterfield's allegations support the inference that Young or Ponto was responsible for creating a policy or custom of tacit approval toward sex-based harassment of inmates.  Because Butterfield did not allege the existence of any government policy or custom that caused the claimed constitutional violations, the district court's dismissal of these official capacity claims was proper.[6]  See 28 U.S.C. § 1915A(b)(1).

---

[6]Butterfield's equal protection claim against Young and Ponto also fails because the Eleventh Amendment forecloses claims for monetary damages by private parties against the state, including state employees sued in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1984); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Ark. State Univ., 64 F.3d 442, 446–47 (8th Cir. 1995).  Butterfield seeks only monetary damages as relief for the alleged equal protection violation.

Butterfield's claims against correctional officer Perrett in his individual capacity also fail to state a claim upon which relief can be granted.  "To establish personal liability in a § 1983 action, the plaintiff must show that the official, acting under color of state law, *caused* the deprivation of a federal right."  Clay v. Conlee, 815 F.2d 1164, 1169–70 (8th Cir. 1987) (emphasis added).  Here, the complaint fails to allege that Perrett played any role in denying Butterfield adequate medical treatment or participated in any gender-based harassment.  Simply put, the complaint does not explain what, if anything, Perrett did to cause the constitutional violations Butterfield alleges.  Dismissal of these claims was proper.  See 28 U.S.C. § 1915A(b)(1).

We affirm the district court's sua sponte dismissal of the complaint.

_____

-4-